**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| RICHARD HORNSBY, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 22-1472 (RC) |
| | : | | 23-3204 (RC) |
| v. | : | | |
| | : | Re Document No.: | 18 |
| SANDRA L. THOMPSON, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

**DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

**I. INTRODUCTION**

Plaintiff Richard Hornsby brings the instant action against Sandra L. Thompson ("Defendant"), the Director of the Federal Housing Finance Agency ("FHFA" or "the agency"), for claims arising out of the termination of his employment as Chief Operating Officer of FHFA and his subsequent appeal of that termination to the United States Merit Systems Protection Board ("MSPB"). Specifically, Plaintiff alleges that: (1) in terminating his employment, Defendant retaliated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3, and the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 2302(b); (2) the Administrative Judge ("AJ") and the full MSPB adjudicating Plaintiff's appeal failed to provide him with interim relief, in violation of 5 U.S.C. § 7701(b)(2)(A); and (3) the MSPB's affirmation of the agency's decision to terminate Plaintiff's employment was arbitrary, capricious, an abuse

of discretion, unsupported by substantial evidence, or otherwise not in accordance with the law. Compl. ¶¶ 44–48, ECF No. 1.[1]

Earlier in this litigation, the Court granted in part and denied in part Defendant's motion to dismiss or for summary judgment. *See Hornsby v. Thompson* ("*Hornsby I*"), No. 22-cv-1472, 2023 WL 196185, at *1 (D.D.C. Jan. 17, 2023). Relevant here, the Court dismissed Plaintiff's retaliation claim for failure to exhaust administrative remedies. *Id.* at *6–10. After finding that Plaintiff had failed to exhaust his retaliation claim, the Court held that it lacked subject-matter jurisdiction to hear Plaintiff's remaining claims. *Id.* at *10. Because the Court concluded that exclusive jurisdiction over those claims lay with the Federal Circuit, the Court transferred Plaintiff's claims to that venue. *Id.* at *10–11. That court, however, disagreed with this Court's jurisdictional analysis, found that it lacked jurisdiction, and transferred the case back to the U.S. District Court for the District of Columbia. *Hornsby v. Fed. Hous. Fin. Agency* ("*Hornsby II*"), No. 2023-1518, 2023 WL 7039492, at *1–2 (Fed. Cir. Oct. 26, 2023) (per curiam).[2]

Back where he started, Plaintiff now moves the Court to reconsider its order dismissing his retaliation claim. For the reasons explained below, Plaintiff's motion for reconsideration is denied.

---

[1] Unless otherwise noted, citations to ECF docket numbers reference the docket in *Hornsby v. Thompson*, No. 22-cv-1472. All future filings in this case should be docketed only in case number 23-cv-3204.

[2] Both parties share fault for the resulting ping-ponging jurisdiction between courts. In her motion to dismiss, Defendant argued—incorrectly, it turned out—that if the Court dismissed Plaintiff's retaliation claims, the Court would "lack[] subject matter jurisdiction over" the remaining claims. *See* Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss or, in the Alternative, for Summ J. at 12, ECF No. 8-1. Plaintiff, however, made no effort to rebut or even acknowledge Defendant's legally erroneous argument in opposing dismissal. *See generally* Pl.'s Opp'n to Def.'s Mot. to Dismiss or, in the Alternative, for Summ. J., ECF No. 10.

2

## II.  BACKGROUND

The Court's earlier opinion described the background of this case in detail.  *See Hornsby I*, 2023 WL 196185, at *2–3.  The ensuing discussion will therefore focus only on the factual and procedural context necessary for resolving the instant motion.

Plaintiff formerly served as the Chief Operating Officer of FHFA.  *Id.* at *2.  At one point during his tenure, an FHFA employee falsely accused Plaintiff of threatening to harm his supervisor, after which the agency placed Plaintiff on administrative leave.  *Id.*  Plaintiff was also criminally charged, but he was later acquitted of all charges against him.  *Id.*  Following Plaintiff's acquittal, the agency did not reinstate Plaintiff to his former position.  *Id.*  Instead, it terminated him.  *Id.*

Plaintiff "appealed his termination to the MSPB, challenging his removal on the substantive merits and also raising an affirmative defense of retaliation for his prior EEO activity."  *Id.* (cleaned up).  Upon review of Plaintiff's claims, an AJ reversed Plaintiff's termination but separately "found that Plaintiff had failed to prove his claim of retaliation."  *Id.*  FHFA filed a petition for review of the AJ's decision with the MSPB.  *Id.*  Plaintiff filed a response to the agency's petition, but he did not file a cross-petition to contest the AJ's findings concerning his retaliation claim.  *Id.*  Though the MSPB ultimately reversed the AJ's initial decision on the merits and ordered that Plaintiff's termination be reinstated, it affirmed the AJ's finding that Plaintiff "had not proven the affirmative defense that his removal was the product of unlawful retaliation based upon his participation in EEO activity."  *Id.* (internal alteration and citation omitted).

Plaintiff then brought suit in federal court to challenge the MSPB's final decision.  *Id.* at 3.  He alleged that "(1) in terminating his employment, Defendant retaliated against him in

3

violation of Title VII . . . and the [CSRA]; (2) the AJ and MSPB adjudicating Plaintiff's appeal failed to provide him with interim relief, in violation of 5 U.S.C. § 7701(b)(2)(A); and (3) the MSPB's affirmation of the agency's decision to terminate Plaintiff's employment was arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or otherwise not in accordance with the law." *Id.* Defendant filed a motion to dismiss or, in the alternative, for summary judgment. *Id.* Defendant argued that the Court should dismiss Plaintiff's retaliation claim because Plaintiff had failed to administratively exhaust that claim, and that the Court should then dismiss Plaintiff's remaining claims for lack of subject matter jurisdiction. *Id.*

      The Court granted in part and denied in part Defendant's motion to dismiss. Pertinent here, the Court first held that Plaintiff had failed to administratively exhaust his retaliation claim. *Id.* at *6–10. The Court explained that Plaintiff had "abandoned his retaliation claim when he did not challenge the AJ's determination that he had failed to prove such a claim." *Id.* at *7. Indeed, not only had Plaintiff abandoned his claim, he had affirmatively "urged the MSPB to deny the FHFA's" petition for review because, in his words, the AJ "made no erroneous findings of material fact, or erroneous applications of law." *Id.* (citation omitted). The Court further explained that Plaintiff's response to the agency's petition "did not articulate, explicitly or impliedly, how the agency's termination of his employment constituted retaliation against him for his EEO activities." *Id.* (emphasis deleted). For these reasons and others, the Court concluded that "Plaintiff ha[d] not exhausted his administrative remedies with respect to his retaliation claim" and that "that claim must be dismissed from this case." *Id.* at *10.

      Having dismissed Plaintiff's retaliation claim, the Court then determined that it lacked subject-matter jurisdiction over his remaining claims after finding that Plaintiff had conceded any argument to the contrary by failing to respond to the relevant components of Defendant's

4

motion.  *Id.*  The Court found that, without the retaliation claim, Plaintiff's complaint "no longer [presented] a mixed case" and that the Federal Circuit had "exclusive jurisdiction" over the claims that remained.  *Id.*  But rather than dismiss those claims, the Court transferred them to the Federal Circuit pursuant to 28 U.S.C. § 1631.  *Id.* at *11.

At the Federal Circuit, however, Defendant decided that a position it had taken in this Court—that this case was not a "mixed case" if the retaliation claim was dismissed—was incorrect.  *Hornsby II*, 2023 WL 7039492, at *1.  The panel agreed, explaining that this Court's "dismissal of [Plaintiff's] discriminatory retaliation claim did not divest [it] of jurisdiction over the remaining claims or otherwise convert this mixed case into one that [the Federal Circuit] ha[d] jurisdiction to review."  *Id.*  The judges, therefore, transferred the case back to this venue.  *Id.*

Now back in federal district court, Plaintiff has filed a motion for reconsideration of the Court's order dismissing his retaliation claim.  *See* Pl.'s Mot. for Recons. ("Pl.'s Mot."), ECF No. 18.  Defendant opposes reconsideration, *see* Def.'s Mem. in Opp'n to Pl.'s Mot. for Recons., ECF No. 20, and Plaintiff has filed a reply, *see* Pl.'s Reply to Def.'s Opp'n to Pl.'s Mot. for Recons. ("Pl.'s Reply"), ECF No. 21.  Plaintiff's motion is thus ripe for consideration.

### III.  LEGAL STANDARD

Where, as here, a party seeks reconsideration of an interlocutory order, Federal Rule of Civil Procedure 54(b) governs the court's analysis.  *Mahoney v. U.S. Capitol Police Bd.*, 566 F. Supp. 3d 22, 25 (D.D.C. 2022); *see also* Fed. R. Civ. P. 54(b) (stating that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").  Rule 54(b)

5

allows courts to grant reconsideration "as justice requires." *Williams v. Walsh*, 619 F. Supp. 3d 48, 57 (D.D.C. 2022) (quoting *Lyles v. District of Columbia*, 65 F. Supp. 3d 181, 188 (D.D.C. 2014)). That standard is "flexible," *id.*, and permits courts to consider factors such as "whether the court 'patently' misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred," *Lyles*, 65 F. Supp. 3d at 188 (quoting *Williams v. Johanns*, 555 F. Supp. 2d 162, 164 (D.D.C. 2008)). In general, "a court will grant a motion for reconsideration of an interlocutory order only when the movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." *Id.* (quoting *Stewart v. Panetta*, 826 F. Supp. 2d 176, 177 (D.D.C. 2011)).

A court's discretion in considering a reconsideration motion is "limited by the law of the case doctrine and [is] subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (citation omitted). In short, "[a]rguments that could have been, but were not, raised previously and arguments that the court has already rejected are not appropriately raised in a motion for reconsideration." *United States v. Booker*, 613 F. Supp. 2d 32, 34 (D.D.C. 2009); *Shvartser v. Lekser*, 330 F. Supp. 3d 356, 360 (D.D.C. 2018) ("[A] Rule 54(b) motion cannot be used to reargue facts and theories upon which a court has already ruled or to present theories or arguments that could have been advanced earlier." (cleaned up)); *Lyles*, 65 F. Supp. 3d at 188 ("A court may deny a motion for reconsideration that raises arguments for reconsideration the court has . . . already rejected on the merits." (cleaned up)).

6

## IV.  ANALYSIS

Generally speaking, Plaintiff argues that reconsideration is warranted for two reasons. First, he argues that, contrary to the Court's findings in its earlier opinion, Plaintiff "vigorously presented his retaliation claim" to the MSPB.  *See* Pl.'s Mot. at 10–11.  Second, he argues that the MSPB's regulations and applicable case law prevented him from challenging the AJ's credibility findings regarding his retaliation claim and thus he did not waive that claim by failing to file a cross-petition to the MSPB.  *See id.* at 8–10.  Both contentions lack merit.

Plaintiff's initial contention is easily dispatched.  To illustrate how, in his view, he "vigorously" pursued his retaliation claim, Plaintiff largely attempts to draw distinctions between his case and the Federal Circuit's decision in *Lizut v. Department of Army*, 717 F.2d 1391 (Fed. Cir. 1983).  *See* Pl.'s Mot. at 10–11.  This is not the first time Plaintiff has tried to distinguish his case from *Lizut*—he attempted precisely the same maneuver in opposing Defendant's motion to dismiss, *see* Pl.'s Opp'n to Def.'s Mot. to Dismiss or, in the Alternative, for Summ. J. at 10–12, ECF No. 10, and the Court analyzed both those arguments and *Lizut* at length in its opinion granting that motion, *see Hornsby I*, 2023 WL 196185, at *6–8.  The Court will not grant reconsideration based on Plaintiff's attempt to reargue points that the Court has "already rejected on the merits."[3]  *See Lyles*, 65 F. Supp. 3d at 188 (quoting *Henok v. Chase Home Fin., LLC*, 947

---

[3] Insofar as Plaintiff argues that reconsideration is warranted because the Federal Circuit stated that there is no "question that [Plaintiff] has continued to pursue his discriminatory retaliation claim at every stage of these proceedings," *see* Pl.'s Mot. at 11 (quoting *Hornsby II*, 2023 WL 7039492, at *1); *see also* Pl.'s Reply at 4, the Court disagrees.  The Court does not think that the Federal Circuit's one-sentence statement represents a finding or holding that contradicts the Court's determination that Plaintiff abandoned his retaliation claim by failing to appeal the AJ's denial of that claim to the MSPB.  Rather, viewed in context, the Federal Circuit's statement simply helps to explain why Plaintiff's case remains a "mixed case" over which that court lacked jurisdiction.  *See Hornsby II*, 2023 WL 7039492, at *1.  After all, the Federal Circuit transferred the case back to this Court so that it could "conduct appropriate proceedings with respect to the *remaining claims*."  *Id.* (emphasis added).

7

F. Supp. 2d 6, 10 (D.D.C. 2013)); *see also Shvartser*, 330 F. Supp. 3d at 360 (explaining that "a Rule 54(b) motion cannot be used 'to reargue facts and theories upon which a court has already ruled'" (quoting *Dunlap v. Presidential Advisory Comm'n on Election Integrity*, 319 F. Supp. 3d 70, 81 (D.D.C. 2018))).

Plaintiff's second argument for reconsideration fares no better. As best the Court can tell, Plaintiff contends that the Court erroneously concluded that he had waived his retaliation claim by failing to file a cross-petition for review of the AJ's initial decision to the MSPB. *See* Pl.'s Mot. at 8–10; *see also* Pl.'s Reply at 1–4 (arguing that "[t]his Court found that by not filing a cross-petition appealing the [AJ's] finding on his retaliation claim, [Plaintiff] had failed to exhaust his administrative remedies"). According to Plaintiff, various statutes and regulations either prevent a party from challenging an AJ's credibility determinations on an appeal to the full MSPB or, at the very least, cabin the scope of the full MSPB's analysis of such findings. *See* Pl.'s Mot. at 8–10. That being so, Plaintiff argues that his decision not to file a cross-petition challenging the AJ's adverse conclusion as to his retaliation claim—and his decision not to contest that same conclusion in his opposition to Defendant's own petition to the MSPB—should not be interpreted as waiving his claim of retaliation. *See id.* at 10 (contending that the applicable regulations "*did not permit* [Plaintiff] to challenge the [AJ's] credibility determination, . . . either in responding to [Defendant's] petition for review [or] by filing a cross-petition for review with the [full MSPB]"); *see also* Pl.'s Reply at 3 (arguing that "the [MSPB's] regulations and case law do not permit a challenge of the [AJ's] credibility findings" on appeal to the full MSPB).

Plaintiff's argument is unpersuasive for multiple reasons. For one thing, the Court cannot discern—and Plaintiff has not suggested—any reason that this argument could not have been

8

raised in opposition to Defendant's initial motion to dismiss. It is well-established that a motion for reconsideration may not be used as "a vehicle for presenting theories or arguments that could have been advanced earlier." *Dunlap*, 319 F. Supp. 3d at 81 (citation omitted). And because Plaintiff could have and should have raised the argument in opposing Defendant's motion to dismiss, that principle provides an independent, sufficient basis upon which to dispose of Plaintiff's new theory that the statutory and regulatory regime prevented him from challenging the AJ's credibility determinations on appeal to the full MSPB.

For another thing, Plaintiff's argument rests on a fundamentally flawed premise. That is, he contends that "[t]his Court found that by not filing a cross-petition appealing the [AJ's] finding on his retaliation claim, [Plaintiff] had failed to exhaust his administrative remedies." *See* Pl.'s Reply at 3. While it is true that Plaintiff's decision not to file a cross-petition was a factor that led the Court to conclude he had waived his retaliation claim, *see Hornsby I*, 2023 WL 196185, at *6–7 (explaining that "Plaintiff abandoned his retaliation claim when he did not challenge the AJ's determination that he had failed to prove such a claim"), that was not the only factor. Rather, the Court emphasized that—in addition to failing to file a cross-petition or otherwise challenge the AJ's rejection of his retaliation claim—Plaintiff "expressly endorsed the AJ's decision" and that he did so "without reservation." *See id.* at *9; *see also id.* at *7 (recounting that, in his brief to the MSPB, Plaintiff argued that the AJ "made no erroneous findings of material fact, or erroneous applications of law" and that "[Defendant] has utterly failed to demonstrate the [AJ] committed any error in her findings in favor of [Plaintiff] which would warrant overturning the Initial Decision, or even seriously reviewing it" (citations omitted)). This, the Court explained, distinguished Plaintiff's case from other cases in which courts had held that the mere failure to object to, or appeal from, an AJ's adverse decision—

9

standing alone—was insufficient to demonstrate waiver.  *See id.* at *8–9 (distinguishing *Rodgers v. Perez*, 139 F. Supp. 3d 67 (D.D.C. 2015)).  In other words, the Court's finding of waiver did *not* rest exclusively on Plaintiff's failure to file a cross-petition, but instead relied on additional considerations that illustrated that Plaintiff had "knowingly waived his retaliation claim."  *See id.* at *9.

For a third thing, it is far from clear that Plaintiff was, as he asserts, prohibited from challenging the AJ's credibility findings on an appeal to the full MSPB.  *See, e.g.*, Pl.'s Reply at 3–4 (arguing that the issue of the AJ's credibility findings "was not and could not be considered by the [full MSPB]").  The applicable regulations provide that a party may file a cross-petition for full MSPB review based on allegations that an AJ's "initial decision contains erroneous findings of material fact."  5 C.F.R. § 1201.115(a); *see also Strickland-Donald v. Dep't of the Army*, 657 F. App'x 959, 961 (Fed. Cir. 2016).  In such cases, the party "must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error."  5 C.F.R. § 1201.115(a)(2).  The MSPB then reviews the contested findings and, in doing so, "give[s] *deference* to an [AJ's] credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing."  *Id.* (emphasis added); *see also Purifoy v. Dep't of Veterans Affs.*, 838 F.3d 1367, 1373 (Fed. Cir. 2016); *Haebe v. Dep't of Just.*, 288 F.3d 1288, 1299 (Fed. Cir. 2002).  "Deference," however, is not synonymous with "unreviewable."  Thus, it is unsurprising that the full MSPB may, under certain circumstances, overturn an AJ's findings even when those findings are based on the AJ's estimation of a witness's credibility.  *See Haebe*, 288 F.3d at 1301–02 (explaining that MSPB must give "sufficiently sound reasons" for overruling an "AJ's demeanor-based credibility findings"); *Leatherbury v. Dep't of Army*, 524 F.3d 1293, 1305 (Fed. Cir. 2008)

(explaining that MSPB must provide "adequate explanation" for rejecting AJ's credibility determinations).

All that said, even were the Court to assume—favorably to Plaintiff—that he is correct that he could not have challenged the AJ's credibility-based findings on a cross-petition to the full MSPB, that still would not explain either Plaintiff's decision not to file a cross-petition or, more importantly, his "express[] endorse[ment]" of the *entirety* of the AJ's decision.  *See Hornsby I*, 2023 WL 196185, at *9.  That is because, contrary to Plaintiff's suggestion, the AJ's rejection of his retaliation claim did *not* turn wholly on her assessment of a particular witness's (Melvin Watt's) credibility.  *See* Pl.'s Mot. at 4 (stating that "[t]he [AJ] also concluded [Plaintiff] had not proven his retaliation claim because she found Mr. Watt to be credible in his testimony that he would have terminated [Plaintiff] even if there had been no [protected] activity"); *see also* Pl.'s Reply at 2 ("Here, the [AJ] made the credibility determination that [Defendant] had not retaliated against [Plaintiff], because she found the deciding official to be credible when he testified that there were other reasons for his decision to terminate [Plaintiff].").  Although the AJ's assessment of Watt's credibility did play a significant part in the AJ's rejection of Plaintiff's retaliation claim, the AJ also explained that Plaintiff had failed to prove retaliation by a preponderance of the evidence because (1) his claim was based on protected conduct in which Watt, too, had engaged and (2) the motivation underlying certain of the allegedly retaliatory conduct arose *before* Plaintiff engaged in protected activity.  *See* Initial Decision, Ex. 1 to Pl.'s Mot. at 16–17, ECF No. 18-1.  Plaintiff makes no attempt to explain how the applicable regulations—which permit the MSPB to review allegedly "erroneous findings of material fact" and "the erroneous application of the law to the facts of the case," 5 C.F.R. § 1201.115(a), (b)—

would have foreclosed him from challenging these aspects of the AJ's adverse decision regarding his retaliation claim.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration (ECF No. 18) is **DENIED**.

Dated:  July 10, 2024                                                             RUDOLPH CONTRERAS
                                                                                              United States District Judge